Kim Paddock, A.S.D., pro-se
1008 E. Ball Ave.
Parma, ID 83660
(208) 250-6418

**U.S. COURTS**

JUL 27 2017

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIM PADDOCK, pro-se, <br><br> Plaintiff, <br><br> vs. <br> Butch Otter in his official capacity as <br> Governor of Idaho. <br>  Dr. Robert Wechsler M.D. In his <br> professional capacity as a Medical Doctor, as <br> president of the Epilepsy Foundation of Idaho, <br> and as a "state actor". <br> Elisha Figueroa, in her official capacity as <br> Chief of the Office of Drug Policy. | Case No. 1:17-cv-310-REB <br><br> COMPLAINT AND MOTION FOR <br> PRELIMINARY INJUNCTION |

1) In accordance with Federal Rule of Civil Procedure 65, Plaintiff Paddock moves the court for a preliminary injunction enjoining Defendants from enforcing Idaho laws that outlaw natural CBD hemp oil and Cannabis Sativa L. as unconstitutional and include Title 37 Chapter 27 (t), Title 37 Chapter 27 37-2732B (a) thru (e), and Senate Concurrent Resolution 112. These Idaho laws violate Paddock's constitutional rights to have access to natural CBD hemp oil and industrial hemp products and are a violation of her right to choose her own alternative medicine under her 14th Amendment Substantive Due Process, are a violation of her 14th Amendment right to privacy under the Due Process Clause, (Roe v. Wade, Doe. v. Bolton, Griswold v. Connecticut) create an "Undue Burden" under the 14th Amendment Due Process Clause (Planned Parenthood of Southwest Pennsylvania v. Casey, Whole Women's Health v. Hellerstedt), are a violation of her 1st Amendment right of Freedom of Religion

FEE PAID
R# 20448

through the "Free Exercise Clause", and causes religious discrimination. (Hobbie v. Unemployment Appeals Comm'n, Employment Division v. Smith, Sherbert v. Verner). Paddock is discriminated against for being part of a class of people who are residents of the state of Idaho who wish to have access to natural CBD hemp oil and industrial hemp products. The Defendants acted under color of law to deprive Paddock of her civil rights. These civil rights violations are hereafter referred to as Paddock's enumerated and implied civil rights.

2) Plaintiff, Kim Paddock, files this motion requesting a preliminary injunction against unconstitutional and federally illegal Idaho laws concerning cannabis and/or "marijuana". Governor Butch Otter, The Office of Drug Policy Director Elisha Figueroa, and Robert Wechsler M.D. were\are working in concert to outlaw natural CBD hemp oil and to force Paddock into either taking an unproven CBD drug instead, going without her choice of medicine, or breaking Idaho laws in order to retain her enumerated and implied civil rights. Idaho's cannabis and/or "Marijuana" laws are in violation of the 2014 Farm Bill and subsequent Acts pertaining to it including the Consolidated Appropriations Act of 2017 and the Omnibus Appropriations Act of 2016.

3) Paddock requests a religious exemption for the use of Cannabis Sativa L. under The Religious Freedom Restoration Act of 1993 and the "Free Exercise Clause" of the 1st Amendment. Paddock is the victim of religious discrimination caused by the Defendants concerning her required use of Cannabis Sativa L. in the preparation and use of the Holy anointing oil. Paddock requests that she be allowed to grow Cannabis Sativa L. in the state of Idaho for use in the Holy anointing oil that is transcribed through the original Hebrew and Judaic definitions. Amen.

4) No relief is possible in Idaho concerning issues of cannabis. The Defendants in this action have made it clear in their unconstitutional actions, vetos, untruths, and enactment of laws banning all strains of cannabis in the state of Idaho, regardless of federal law, that no possible resolution can be reached at the state level.

5) Accordingly Paddock asks this court for preliminary injunctive relief to preserve her rights and the rights of others to be treated fairly under the law and to guarantee that her enumerated and implied civil rights are not violated.

## JURISDICTION AND VENUE

6) This court has jurisdiction pursuant to Federal Rule of Civil Procedure 65, Injunctions and Restraining Orders.

## PARTIES

## PLAINTIFF

7) Kim Paddock is a pro se plaintiff in this action. She was born in Mountain Home, Idaho and is a life long resident of the State of Idaho. She has an Associate of Science Degree from ITT Technical Institute and graduated summa cumlaude.

## DEFENDANTS

8) Defendant C.L. "Butch" Otter is the governor of the state of Idaho and as such is the Chief Executive for the state and is responsible for implementing and ensuring enforcement of the states laws. Butch Otter worked in concert with the Defendants to insure that S1146a, a bill that would have allowed natural CBD hemp oil to be used on patients in a controlled manner,  would not survive and that natural CBD hemp oil would be outlawed in favor of the CBD drug, Epidiolex. Otter backs state laws that outlaw natural CBD hemp oil and Cannabis Sativa L. in violation of Paddock's enumerated and implied rights and in violation of federal law.

9) Defendant Robert Wechsler M.D. Is a Boise based physician who specializes in epilepsy. He worked in concert with the other Defendants and is jointly responsible for the failure of S1146a, a bill that would have allowed natural CBD hemp oil to be used on patients in a controlled manner and for his backing of Idaho's anti-CBD hemp oil laws in order that he get a lucrative contract from the state of Idaho.

10) Defendant Elisha Figueroa is chief of the Office of Drug Policy and worked in concert with the other Defendants and is jointly responsible for the failure of S1146a, a bill that would have allowed natural CBD hemp oil to be used on patients in a controlled manner, and backs Idaho's anti-CBD hemp oil and anti-Cannabis Sativa L. laws.

## FACTUAL BACKGROUND

11) Governor Butch Otter and the Defendants support Idaho anti-CBD hemp oil laws and anti-Cannabis Sativa L. laws that violate Paddock's enumerated and implied civil rights and federal law and include Title 37 Chapter 27 (t) and Title 37 Chapter 27 37-2732B (a) thru (e) and Senate Concurrent Resolution 112.

12) Governor Butch Otter and the Defendants violate Paddock's enumerated and implied civil rights by upholding state laws that outlaw Cannabis Sativa L. and industrial hemp products such as natural CBD hemp oil in the state of Idaho regardless of current federal law. Butch Otter and the Defendants operated under color of law to deny Paddock her enumerated and implied civil rights.

13) Governor Butch Otter and the Defendants protect the drug company GW Pharmaceuticals, manufacturers of Epidiolex, a CBD drug, from competition in Idaho by passing and upholding Idaho laws that make natural CBD hemp oil products illegal in the state of Idaho thus violating Paddock's enumerated and implied civil rights as stated. By outlawing natural CBD hemp oil Governor Otter and the Defendants are forcing Paddock and others into only one alternative to the natural CBD hemp oils that have been on the market for years, including such products as Charlotte's Web. Charlotte's Web CBD hemp oil and many others were approved as dietary supplement under federal law for many years.

"Moreover, the Final Rule's implementation (the DEA) and shuttering of hundreds of U.S. Businesses in favor of a single foreign-based pharmaceutical company, Letter from Alice P. Mead, Director, U.S. Professional Relations, GW Pharmaceuticals Ltd., to Michele M. Leonhart, Administrator, DEA, in support of Proposed Rule (Sept. 5, 2011).....will likely result in a major increase in costs and prices for consumers, individual industries and geographic regions. It is also likely to have adverse effects on competition, employment, investment, productivity, innovation and the ability of United States-based enterprises to compete with their

foreign-based counterparts in domestic and export markets." Hemp Industries Association et.al. v. Drug Enforcement Administration, Petition For Review, April 3rd, 2017. (Exhibit A, redacted, refer to the full Petition For Review et.seq.).

14) Governor Otter and the Defendants approval of a drug company alternative to natural CBD hemp oil causes hardship to the poor and the sick, including Paddock, and create an "Undue Burden" to Paddock. The CBD drug from GW Pharmaceuticals, Epidiolex, according to statements made by Alice P. Mead, Director, U.S. Professional Relations, GW Pharmaceuticals Ltd., would be much more costly than a natural CBD hemp oil would be if it receives approval from the Food and Drug Administration. Epidiolex would also require a prescription unlike natural CBD hemp oil. By operating under color of law Butch Otter and the Defendants have denied Paddock any access to natural CBD hemp oil which violates her enumerated and implied civil rights as stated and violates federal law.

15) Governor Butch Otter falsified claims in his veto of the CBD hemp oil bill S1146a (May 16th, 2015) and stated: "It asks us to legalize the limited use of cannabidol oil, contrary to federal law." Paddock corrects the Governor on this statement as natural CBD hemp oil was not federally illegal. Hemp Industries Association USA LLC v. Drug Enforcement Administration, decided Feb. 6th, 2004, ( Exhibit B), and PETITION FOR REVIEW, Hemp Industries Association v. Drug Enforcement Administration, 2017. The natural CBD hemp oil that Otter refers to is from the industrial hemp plant, Cannabis Sativa L., which is federally legal as a research crop under the 2014 Farm Bill. By not reflecting the status of industrial hemp that is clearly outlined in the 2014 Farm Bill and subsequent Acts that pertain to it in current Idaho State Law Butch Otter (et.al.) has violated Paddock's enumerated and implied civil rights as stated and continues to do so.

16) Paddock informs Butch Otter and the Defendants that according to the Consolidated Appropriations Act of 2017 and the Omnibus Appropriations Act of 2016 the state of Idaho cannot interfere with the transportation, processing, sale or use of industrial hemp in this state, including natural CBD hemp oil, especially if Idaho has taken federal funds that are used for the prosecution of

cannabis violations concerning natural CBD hemp oil and industrial hemp. Idaho has taken RFRA

federal funding along with funding from the Omnibus Appropriations Act of 2016 ( and possibly other

Acts) which renders Idaho unable to enforce it's anti-hemp laws, including laws against natural CBD

oil from industrial hemp, and bars any prosecution  resulting from these anti-hemp, anti-CBD hemp oil

Idaho state laws.

The 2017 Consolidated Appropriations Act states:

TITLE V-GENERAL PROVISIONS-Section 538: None of the funds made available by this Act
may be used in contravention of section 7606 ("Legitimacy of Industrial Hemp Research") of the
Agricultural Act of 2014 (public law 113-79) by the Department of Justice or the Drug Enforcement
Administration.

TITLE V-GENERAL PROVISIONS-Section 773: None of the funds made available by this Act
or any other Act may be used (1) in contravention of section 7606 of the Agricultural Act of 2014 (7
U.S.C. 5940) or (2) to prohibit the transportation, processing, sale, or use of industrial hemp that is
grown or cultivated in accordance with section 7606 of the Agricultural Act of 2014, within or outside
the State in which the industrial hemp is grown or cultivated.

17) Elisha Figueroa, Chief of the Office of Drug Policy,  violates Paddock's enumerated and

implied civil rights by doing whatever is necessary to quash Paddock's right to have natural CBD

hemp oil and Cannabis Sativa L. in the state of Idaho regardless of federal law. Paddock notes that

Figueroa was placed in office by Butch Otter in 2012.

18) Elisha Figueroa stated on March 30th, 2015 that "this is not hemp oil you can buy at the Co-

op. This is marijuana, a schedule one drug, and Idaho will be violating federal law if this (S1146a, bill

to allow CBD hemp oil for restricted use on patients) passes."  She also states: "CBD is illegal

according to Idaho law and according to federal law. So with or without THC, CBD is illegal."

Figueroa attempts to re-categorize CBD hemp oil as a schedule one drug in violation of current federal

law and the 2014 Farm Bill.

19) Elisha Figueroa states this concerning the indication that Idaho law permits CBD oil from

the stalks of the industrial hemp plant: "The issue being that when you look at research on how CBD is

made the experts will tell you that it's made from the flower of the plant, which is absolutely

marijuana." Section 7606 (2) of 2014 Farm Bill states: "The term 'industrial hemp' means the plant Cannabis Sativa L. and any part of such plant, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than .3% on a dry weight basis." According to the 2014 Farm Bill no part of the industrial hemp plant is illegal. Natural CBD hemp oil is indeed a product of the flowers of the federally legal industrial hemp plant, but it is also the by-product of the stalks during hemp stalk processing for fiber and is a product of the leaves as well.

20) Elisha Figuroa proceeded to insure that Senate Bill No. 1106 was not passed in 2016. This bill outlined definitions for such terms as "Drugs", "Drug Paraphernalia", "Manufacture" and 14(t) attempted to allow cannabidoil oil to be exempted from Idaho's marijuana laws. Figueroa sent her list of "concerns" under "CBD for Governor", Nov. 3rd, 2016 and stated: "Option 1-Try to kill S1106 and promote the FDA trial as an alternative. Option 2-Try to kill S1106 and recommend the introduction of legislation mirroring Utah's CBD law passed in 2014 with modifications to approve only oral suspension or oil forms....Options 1 and 2 are the preferred course of action." (Source: DocuCloud).

21) Robert Wechsler M.D. Violates Paddock's enumerated and implied rights by consistently opposing CBD hemp oil in Idaho and promoting GW Pharmaceuticals' CBD drug, Epidiolex, for financial gain and promoting the untruth that natural CBD hemp oil is somehow unsafe. Wechsler ignores that fact that natural CBD hemp oil products have been used as a dietary supplement for years in this country with no serious side effects or deaths attributed to it. In the meantime, Wechsler financially benefits from prescribing an epileptic drug, Vimpat. In 2015 Wechsler received $87,320.00 from Vimpat. (source: ProPublica). Wechsler was one of the top ten prescribers of Vimpat in this country. The side effects of Vimpat are numerous and include "thoughts of suicide or dying, attempt to commit suicide, new or worse depression, new or worse anxiety, feeling agitated or restless, panic attacks, insomnia, new or worse irritability, acting aggressive, being angry, or violent, acting on dangerous impulses, mania, fast, slow or pounding heart, shortness of breath, feel lightheaded, fainted

or if you feel like you are going to faint" and may cause "a skin rash, hives, fever or swollen glands

that do not go away, shortness of breath, swelling of the legs, yellowing of the skin or whites of the

eyes, or dark urine. The most common side effects are "dizziness, headache, double vision, and

nausea." www.vimpat.com. Paddock finds it difficult to believe that Wechsler could have such harsh

objections against the use of natural CBD hemp oil when considering his main choice of medicine for

epilepsy.

22) According to OpenPaymentsData.CMS.gov, Wechsler received $299,449.77 from

pharmaceutical companies in 2015 when the CBD oil bill in Idaho was vetoed. Only 13 days after veto,

Wechsler signed a contract with the Department of Health and Welfare for "Screening and enrollment

of children into an Expanded Access Program for access to the drug Epidiolex (cannabidiol) for

intractable epilepsy, and health monitoring of enrolled children." This contract is in the amount of

$223,500.00. ( Exhibit C, redacted, refer to complete document et. Seq.).

23) Paddock discovered a series of emails on DocumentCloud. One that is dated April 30th,2015

and was sent between Elisha Figueroa, Dr. Wechsler, and Hunter Land, Medical Science Liaison  for

GW Pharmaceuticals. Figueroa and Wechsler were looking for legitimate reasons to back their

positions that natural CBD oil from companies like Charlotte's Web would be unsuitable for use in

CBD trials on patients.

"Hi guys, Thought you might find this information interesting, keeping in mind the source is
GW but that the stated facts are verifiable, turns out it is very unlikely that Charlotte's web or any other
artisinal formulations of CBD would ever meet the 0.3% THC requirements that Senator McKenzie
had proposed in his bill. (S1106). Cudos to the Governor for not letting that one squeak by." Robert T.
Wechsler.

Wechsler was referring to an email that he received on April 27, 2015 from Hunter land which
states: "Based on unconfirmed concentration data of artisanal CBD Oil preparations, one could
anticipate the following formulation characteristics when dosing a 40 kg patient...30 ml of 'CBD Oil'
daily, 800 mg CBD, 32 mg THC. This amount of THC would likely fall within the range of an average
'joint' and outside the range of .3%. I suspect the .3% number was pulled from the Agricultural Act of
2014..". Paddock does not understand what "stated facts are verifiable" according to Wechsler except
that the parties are aware of the 2014 Farm Bill and seem to be trying to find a way around it using
hearsay and unconfirmed data.

24) Elisha Figuroa forwards these emails to Tammy Perkins, ODP Staff , with the message "Please see below..this will be important when discussing any future litigation regarding CBD oil." (Exhibit D pages 1-4.)

25) Wechsler acted in "pretense of the law" as a "state actor" thus violating 18 U.S.C. 242. "In sub-type 11-C the state actor, whether or not an employee or agent of the state, conspires with an employee of the state who is either guilty of the deprivation or has a 'symbolic' relationship with the state. In sub-type 11-D the state actor is usually not an employee or agent of the state but is guilty of the deprivation while receiving  some benefit from the state." Mercer Law Review, Vol.56, pg. 600.

26) Wechsler had/has a conflict of interest concerning his relationship with the Defendants and concerning S1146a being passed. At the same time that Weschler was offering his advice to the Otter administration he was maintaining a professional relationship with Hunter Land, a medical science liaison for GW Pharmaceuticals.

27) On March 5th, 2015, just one day after the Senate State Affairs Committee heard compelling testimony from neurologists, parents of ill children and others concerning the need for CBD oil to be used to treat serious, intractable and deadly diseases and epilepsy, Wechsler issued Statement on CBD for Severe Epilepsy. He tries to back up his position against CBD hemp oil with statements like "..if it is used as a stand alone therapy in children for whom it does not work, then some of those children will die." "These trials are being expedited (pharmaceutical trials), in part because of the media attention..Results are months, not years away." "CBD has not been tested in this way. Much of the 'evidence' of its efficacy comes from retrospective questionnaires completed by desperate parents of children with dire illnesses...".

28) There are no 'expedited' trials. Diane Foote, Executive Director, Epilepsy Foundation of Idaho, testified at the Senate State Affairs Committee on March 4th, 2015 and stated "The Foundation supports the rights of individuals and families to access CBD oil. Nothing should stand in the way of

access to a potentially life saving treatment; they need it now, not in 5 or 10 years." The 5 or 10 years is a time period that it takes to run a proper trial and this is repeated by other professionals in their testimony.

Other testimony in support of CBD submitted at the hearing:

29) Elizabeth Anne Thiele, MD, PhD, Director, Pediatric Epilepsy Program, Massachusetts General Hospital:  "Numerous studies performed in the past 40 years have demonstrated the anticonvulsant effects of CBD both in animal models and in human adults. In a double-blind placebo-controlled study showing that CBD reduces seizure activity, the most commonly reported side effect was somnolence, and no patients reported any psychotropic effects." Dr. Thiele contradicts Wechsler's statements about CBD not being tested.

30) George Booth, MD, Treasure Valley Pediatrics, St. Luke's Children's: "My colleagues and I have witnessed the dramatic effect of CBD on many of our pediatric patients. For example, I have a pediatric patient with severe intractable epilepsy who had been experiencing up to 100 seizures a day, despite trials of 18 antiepileptic drugs. After CBD was introduced into his treatment regimen, his seizures decreased dramatically. He now has between 0 and 5 seizures a day."

31) Orrin Devinsky, M.D.-Professor of Neurology, Neurosurgery and Psychiatry, Director, NYU Comprehensive Epilepsy Center: "Approximately one-third of the people with epilepsy continue to suffer from seizures despite the best medical, dietary, and surgical therapies. For those with treatment resistant epilepsy, the enormous toll includes the direct and potentially deadly consequences of the seizures, which are compounded by disabling physical, cognitive and behavioral side effects from high doses of multiple antiepileptic drugs." The very drugs that Wechsler prescribes are potentially deadly to his patients and yet he is concerned that CBD alone will kill them.

32) Others whose testimony was included: American Academy of Pediatrics, Epilepsy Foundation (National), James M. Herrold, MD, Les Bois Neurology, Clay Campbell, MD,

Edward Jernigan, MD, Child Neurologist, David B. Bettis, MD, Child Neurologist. No doctors testified against the use of CBD oil. Paddock can understand why Dr. Wechsler took no part in voicing his "opinion" at this Senate State Affairs Committee meeting. (See Exhibit E, testimony of professionals, redacted, refer to pages of meeting et Seq.).

33) March 8th, 2015. Dr. Wechsler sent a "rough preliminary cost analysis for the EAP for Epidiolex" (cost to run the Epidiolex trials in Idaho) to Elisha Figuroa. He was already anticipating the failure of S1146a. Elisha Figuroa: "This is very helpful. Thank you! As you know, parents continue to call CBD a supplement even though it remains a schedule 1." Wechsler: "Something to counter 'it's just a supplement' argument. Worth sharing with the Legislature?" (Exhibit F).

34) April 7th, 2015. Dr. Wechsler sends an email to Elisha Figuroa and states: "Also, the estimated need is not accurate-most people with intractable epilepsy neither need nor want this product. (CBD hemp oil)" (Exhibit G).

35) Title 37 Chapter 27 (t) Idaho state law is unconstitutional as it violates Paddock's right to legally access Cannabis Sativa L. and natural CBD hemp oil. This Idaho law violates Paddock's enumerated and implied civil rights and violates federal law. It states: "Marijuana" means all parts of the plant of the genus Cannabis, regardless of species, and whether growing or not; the seeds thereof; the resin extracted from any part of such plant...." This law makes an exception for the stalks  "It does not include the mature stalks of the plant unless the same are intermixed with prohibited parts of the plant, fiber produced from the stalks," and then prohibits "....any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks." In essence this law forbids Cannabis Sativa L. in the state of Idaho regardless of the 2014 Farm Bill and subsequent Acts pertaining to it. ( Exhibit H).

36) Title 37 Chapter 27 37-2732B (a) through (e) of Idaho's Uniform Controlled Substances Act is unconstitutional as it violates Paddock's enumerated and implied rights and violates federal law.  This section of Idaho law does not delineate between Cannabis Sativa L. and any other form of cannabis as

per the 2014 Farm Bill and subsequent Acts pertaining to it. ( Exhibit I).

37) Senate Concurrent Resolution No. 112 is unconstitutional as it violates Paddock's right to legally access Cannabis Sativa L. and natural CBD hemp oil and is a violation of Paddock's enumerated and implied civil rights and violates federal law. This Resolution does not delineate between Cannabis Sativa L. and any other form of cannabis. It also falsifies all cannabis as "Schedule 1 controlled substance under both state and federal law..." thus attempting to re-categorize Cannabis Sativa L.  in violation of the 2014 Farm Bill and subsequent Acts pertaining to it. Paddock objects to Senate Concurrent Resolution No. 112 as the entire content of the document is based on false information and on no hard facts whatsoever. ( Exhibit J).

38) Paddock notes that vetoed bill S1146a states: (1) As used in this title, "cannabidiol oil" means an extract from a cannabis plant or a mixture of preparation containing cannabis plant material that:

(I)  Is composed of no more than three-tenths percent (0.3%) tetrahydrocannabidoil by weight; which fits the description of the industrial hemp that is legal in the 2014 Farm Bill. It is clear that S1146a takes into account the language in the farm bill that clearly delineates the difference between hemp and marijuana. This bill is strict about the quality by requiring that the CBD hemp oil is "labeled by the manufacturer showing that amounts of tetrahydrocannabidoil by weight and the ratio of cannabidoil to tetrahydrocannabidoil are in compliance with this subsection; and independent laboratory has verified the tetrahydrocannabidoil and cannabidoil percentages;..." .Thus the Defendants' concern over the purity and safety of the CBD oil from industrial hemp in the S1146a bill is not valid.

39) Butch Otter's contention that allowing natural CBD hemp oil into the state of Idaho would open the door for "the potential misuse and abuse with criminal intent." and would  somehow "decrease public safety" is completely unfounded. In an email from Elisha Figueroa to David Hensley

dated Friday, April 10, 2015, Figueroa states: "I do not for a minute believe parents will become drug traffickers or abuse this law as has been stated by proponents." (Exhibit K). Otter and his special interests have, in fact, created untold numbers of "criminals" in the state of Idaho, including Paddock, by making natural CBD hemp oil and Cannabis Sativa L."illegal". Butch Otter has threatened to prosecute anyone who attempts to open stores that supply CBD hemp oil in the state of Idaho. Butch Otter and the defendants have created a class of people who are discriminated against just for being residents of the state of Idaho and that wish to use natural CBD hemp oil or other industrial hemp products. According to the pending "Petition For Review", Hemp Industries Association; Centuria Natural Foods, Inc., and RMH Holdings, LLC v. Drug Enforcement Administration, even major national retailers including Costco and Target have recently sold CBD-rich hemp derived products. Many natural CBD hemp oil products have been on the market for years as legal dietary supplements under federal law.

40) Butch Otter received many "donations" from pharmaceutical companies over the years. In 2014 Otter's donations from pharmaceutical companies are as follows: Amgen Pharma: $3,000.00. Eli Lilly: $5,000.00 (maximum contribution allowed per year), Express Scripts: $5,000.00, PhARMA aka Pharmaceutical Research and Management Association, lobbyist, Jeremy Pisca): $5,000.00 in late 2013 and $5,000.00 in early 2014. Paddock has sent FOIA's to elections@sos.idaho.gov requesting proof of any contributions to Butch Otter from GW Pharmaceuticals, their lobbyists and/or agents with no success. Paddock called the Secretary of State's office requesting this information, once again with no success. Contributions to Butch Otter from 2015, 2016, and 2017 are not available on the Idaho government website and have currently not been filed. (Exhibit L).

41) 60% of the People in this United States approved of legalizing cannabis nationwide in recent Gallup polls. ( Exhibit M).The legislature passed bill S1146a, but Otter and his special interests would once again not be defeated by the will of the People and Butch Otter vetoed the bill on

April 16th, 2015. On the same day Butch Otter signed Executive Order No. 2015-03 under an

emergency status to ensure that the CBD drug Epidiolex would have no competition from natural CBD

hemp oil in the state of Idaho. "Authorizing the Department of Health and Welfare to Implement A

FDA-Approved Expanded Access Program For Treatment-Resistant Epilepsy In Children".

( Exhibit  N).

42) Paddock is allergic to over 90% of the current "legal" medications and is thus restricted in

using them for her illnesses. Paddock is restricted by Idaho's laws in her choice of an alternative

medicine for her ailments in the form of natural CBD hemp oil, thus creating an "undue burden".

( Planned Parenthood of Southeast Pennsylvania v. Casey, Whole Women's Health v. Hellerstedt) and

discriminates against her choice of medicine. There are sources for natural CBD hemp oil that are

available to many other people in this country from suppliers that are both federally legal and safe and

do not require a prescription. Idahoans, including Paddock, are a select class of people that have been

created by Idaho's anti-CBD and anti-Cannabis Sativa L. laws which constitutes discrimination.

43) Paddock is a religious objector to Idaho's unconstitutional and federally illegal laws that ban

Cannabis Sativa L.,  i.e. industrial hemp flowers. Paddock's faith requires that the sick be able to use

the Holy anointing oil for their sicknesses and for their general well-being. Paddock cannot make or

use the Holy anointing oil under current Idaho law. The Holy anointing oil requires the flowers from

Cannabis Sativa L. which is considered illegal under current Idaho state law. This restricts Paddock's

beliefs and forbids her from doing what is required according to her faith. Idaho's current law violates

Paddock's religious beliefs by threatening to jail her for them. Paddock would thus lose her freedom

and be criminally prosecuted for practicing her beliefs. Paddock would then have a criminal record

which could victimize her concerning possible employment and would stain her with a criminal record

for life for practicing her beliefs. Paddock is a victim of religious discrimination for her religious

requirements. Paddock enjoys no freedom of religion in Idaho concerning the use of Cannabis Sativa L.

Case 1:17-cv-00310-REB   Document 1   Filed 07/27/17   Page 15 of 22

for the Holy anointing oil as is dictated in the Hebrew and Judaic scripture. Paddock wishes to be granted a religious exemption for the growing of Cannabis Sativa L., i.e. industrial hemp, in Idaho in accordance with current federal law in order for her to produce and use the Holy anointing oil. Amen.

44) Paddock believes that the Hebrew word for "cannabis" (Hemp) is mistranslated into the word "calamus". The Hebrew word for "calamus" is "kaneh bosm", which is plural. The singular for this is "kaneh bos", which sounds very close to the modern word "cannabis". The current word for "cannabis" in Hebrew is "kanabos".

"While cannabis is a non-toxic (not a single death has ever been directly contributed to it, despite much effort being given to document such a fatality), calamus is most definitely a toxin. The FDA banned calamus from uses in food and medicines in 1968 as calamus contains more than 75% asarone. Asarone is a poison which has been shown to cause cancer, and has ill effects on heart, liver and kidney functions. This toxin in calamus is used for pest control. Why would God specify a large quantity of poison be used in holy anointing oil?" "It is illogical to assume that a plant as important as cannabis, which is such an incredibly useful source of fiber for textiles, loaded with nutritive oils and medicinal properties while also being non-toxic and ridiculously easy to grow, would have gone unnoticed and would have been ignored by the Judaic religion." Quotes from "Cannabis or calamus? What's really in the Bible?" by Pat and Lynn Kempen.

45) Paddock refers to the Gonzales v. O Centro Supreme Court decision concerning the use of the powerful hallucinogen hoasca by a religious sect from the Amazon rain forest region. Hoasca is on the Controlled Substances Act which bars all use of it. Nevertheless, a religious exemption was granted by the Supreme Court of the United States in 2006. Paddock fails to understand how a religious exemption for growing Cannabis Sativa L. cannot be granted in her case for preparation and use in the Holy anointing oil in the state of Idaho.

46) Paddock upholds the right to enjoin the Department of Public Welfare, the Department of Health and Welfare, the Idaho Chiefs of Police Association, the Idaho Prosecuting Attorneys Association, the Fraternal Order of Police (et.al.) to this preliminary injunction as facts become available as to their role in violating Paddock's enumerated and implied civil rights concerning her rights to natural CBD hemp oil and to Cannabis Sativa L..

47) Paddock notes that the Office of Drug policy has and is receiving federal funding that is used to promote Idaho's unconstitutional and federally illegal ani-CBD hemp oil and anti-industrial hemp laws. The Office of Drug Policy receives federal funding in the form of SFY 2018-Direct Services Program and SFY2018-Coalition Programs/Activities which violate federal requirements for such funding by promoting all cannabis as being illegal. Paddock requests that all federal funding obtained by the state of Idaho and all departments therein be reviewed for the use of federal funds to prosecute Paddock and the People of the state of Idaho for the use of natural CBD hemp oil and Cannabis Sativa L. in violation of Paddock's enumerated and implied civil rights and in violation of federal law.

48) Paddock is supported by case law concerning her enumerated and implied civil rights concerning this case.

## Preliminary Injunction

"When the mere possibility of harm to the Plaintiffs is insufficient to justify a preliminary injunction, the Plaintiffs are 'not required to wait until they have suffered actual harm before they apply for an injunction, but may seek injunctive relief against the threatened infringement of their rights." Costa Mesa City Employees Assn, v, City of Costa Mesa

## 14th Amendment Due Process

Roe v. Wade and Doe v. Bolton uphold the choice of medical treatment by an individual under the right to privacy under the Due Process Clause of the14th Amendment. "right of privacy, whether it be founded in the fourteenth amendment's concept of personal liberty and restrictions on state actions, as we feel it is..." Roe v. Wade.

Schloendorff v. Society of New York Hospital (N.Y. 1914): "Every human being of adult years and sound mind has a right to determine what shall be done with his own body..."

Griswold v. Connecticut:

The (U.S. Supreme) Court in Griswold found an unwritten constitutional right of privacy to exist in the penubra of specific guarantees of the Bill of Rights "formed by emanantions from those guarantees that help give them life and substance.' 381 U.S. (479) at 484, 85 S.Ct. At 1681, 14 L.ed.2nd at 514. Presumably this right is broad enough to encompass a patient's decision to decline medical treatment under certain circumstances, in much the same way as it is broad enough to encompass a woman's decision to terminate pregnancy under certain conditions Roe v. Wade, 410 U.S. 113, 153, 93 S.Ct. 705, 727, 35 L.Ed.2d 147, 177 (1973).

Paddock chooses to decline medical treatment in the form of Epidiolex in lieu of natural CBD hemp oil as is her choice as an alternative medicine.

## 1st Amendment Right of Freedom of Religion

Employment Division v. Smith: Free Exercise Clause

"The court noted although the possession of peyote is a crime in Oregon, such possession is lawful in many jurisdictions."

Sherbert v. Verner:

"Government imposition of such a choice puts the same kind of burden upon the free exercise of religion as would a fine imposed against appellant for her Sunday worship."

## Idaho Discrimination Cases Involving Governor Butch Otter

Governor Butch Otter has shown a tendency to discriminate against those who do not share his personal viewpoint concerning their personal choices or do not do what Otter wishes them to do.

Latta v. "Butch" Otter (et.al.): (Same sex marriage):

"The Defendants offered no evidence that same-sex marriage would adversely affect opposite-sex marriage or the well being of children. Without proof, the Defendant's justifications echo the unsubstantiated fears that could prop up the anti-miscegenation laws and rigid gender roles of days past." Magistrate Candy Dale.

"After living in Idaho for more than two decades, it means so much for a court to recognize our family and say that we must be treated equally." Susan Latta.

Butch Otter fought this case and others because of his personal viewpoint and with complete disregarded for federal law, case law, and the clear evidence that he would not not win. This case costed over $470,000.00 of funds which came from the Idaho Constitutional Defense Fund.

Lowe v. Idaho Department of Transportation: (Improper termination and gender discrimination)

"The Associated Press reported that Lowe has filed legal action against the state, saying that she was fired in July 'after refusing to relent to pressure not to cut a big highway contract that benefited large political contributors to Otter and state sen. John McGee, the Senate transportation Committee chairman.' " "No "little girl" can run the Idaho Department of Transportation", Daily Kos, 8/26/2009. This case was settled for $750,000.00, paid to Lowe.

"This is just the latest example of rampant Republican cronyism, mismanagement and favoritism toward special interests.." Jim Hansen, executive director of the Idaho Democratic Party.

Paddock notes that Lowe was placed in office by Governor Butch Otter. So was Elisha Figuroa. It is clear that Governor Otter expects favoritism when he places someone in office in the state of Idaho. Unlike Lowe, however, Figueroa cooperates with the wishes of Butch Otter.

Idaho Governor Butch Otter: "The Poor Are Genetically Inferior", City World News, 1/18/2015. From a recording by a staffer of Otter's meeting with his Chief of Staff and the director of the Idaho Department of Health and Welfare:

> "Look, I hear that...Davis and I debate this...but the big difference between the rich and the poor...it's genetics. Poor people are are genetically inferior, but that's okay....It's going to have to be okay, because it's not like we can kill them (laughter from Otter)..Inferior need to work harder now and realize that big government isn't here in Idaho. ....the people won't be able to compete with the superior, but let's keep the message that they can and everything will work fine". (Exhibit O, et. Seq.).

## CONCLUSION

Every state surrounding Idaho serves as proof of the will of the People concerning cannabis. Idaho is not an island where suddenly people's opinions don't match the national statistics.

We deserve an honest government that works for the People, not the politicians or special

interests. Of real concern in Idaho is the repeal of term limits for governor which created this oligarchy, and allowing politicians the ability to take "donations" and "gifts" from special interests and corporations.

Paddock demands a redress of these issues of corruption with the government of the state of Idaho. Term limits are the essence of our Constitution. Our forefathers came from countries where a lack of term limits created oligarchies that had absolute power over the People. Our forefathers intent was to eliminate absolute governmental power by applying term limits. It is time that Governor Butch Otter (et.al.) come into compliance with federal law, stop violating Paddock's and the People's civil rights and quit openly defying the will of the People in favor of his special interests.

"Power tends to corrupt, and absolute power corrupts absolutely. Great men are almost always bad men." Lord Acton.

Many people do not remember how Butch Otter came into the office of governor in the first place in 2006. He came into office claiming that he was cannabis-friendly and that's what got him elected. It didn't take long before Otter abandoned his decades old support of marijuana, however, in favor of donations from special interests and big corporations.

Butch Otter and his constituents have corrupted this Idaho government from the top to the bottom and perpetuated this "war on drugs" concerning cannabis to their own benefit. The people in Idaho then pay the utmost price for this avarice and greed. By turning possibly every citizen in the state of Idaho into a "criminal" for using natural CBD hemp oil Butch Otter, his constituents and the Defendants have denied the People, including Paddock, the right to their own safe alternative medicine and are violating the rights of the People and are violating federal law.

"If a person, of his own free will, wants to use marijuana, I question whether the government has any propriety in telling him he can't. The government, in effect, is taking away the only real gift the Lord gave us." Quotes of interview with Butch Otter by Reason , 1978.
" 'I still support medical marijuana' Otter said in 2006, just weeks before he was elected governor. 'Some of these people, the only way they can get relief is by smoking marijuana.' " Quotes of interview with Butch Otter by Reason.

**19 of 21**

## DECLARATORY RELIEF

49) An actual controversy exists between the Plaintiff and the Defendants. The Plaintiff contends that the challenged Idaho laws are unconstitutional. Paddock contends that the Defendants violated her rights by using unconstitutional and federally illegal Idaho laws and are acting under color of law in order to deny Paddock her right to choose her own safe medicine under her 14th Amendment Substantive Due Process, her 14th Amendment Right to Privacy under the Due Process Clause, by creating an "Undue Burden" under the 14th Amendment Due Process Clause, by violating her 1st Amendment right of Freedom of Religion under the "Free Exercise Clause" and caused religious discrimination. The Defendants operated under color of law to deprive Paddock of her enumerated and implied civil rights. The defendant(s) failed to incorporate the 2014 Farm Bill's definition of industrial hemp, Cannabis Sativa L., as being separate from "marijuana" and as being legal as a research crop into Idaho state law or in their arguments against allowing natural CBD hemp oil and other hemp products into the state of Idaho. The Defendant(s) have violated federal law and the requirements of federal Acts pertaining to Cannabis Sativa L. in the state of Idaho. Even though natural CBD hemp oil was/is federally legal as a dietary supplement the defendants force Paddock and the people of the state of Idaho into only one alternative to natural CBD hemp oil in the form of Epidiolex, a CBD drug which would be more costly and would require a prescription and which is currently available only to a select few.

## INJUNCTIVE RELIEF

50) Plaintiff is entitled to a preliminary injunction. Defendants are acting under color of state law to deprive the Plaintiff of her constitutional rights and are in violation of current federal laws concerning natural CBD hemp oil and Cannabis Sativa L.. Plaintiff has suffered irreparable harm as a result of the existence of the challenged laws.

## PRAYER FOR RELIEF

51) Plaintiff respectfully requests an order and judgment:

52) Declaring that the challenged laws violate the U.S. Constitution on its face as applied to the Plaintiff.

53) Permanently enjoining Defendants, as well as their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from enforcing the challenged laws, and/or striking down the laws entirely,

54) To ensure that the public has accurate notice of the requirements of the law and to prevent violations of their rights, the Defendants are to provide public notice, including in the official and online editions, that title 37 Chapter 27 (t), Title 37 Chapter 27 37-2732B (a) thru (e) of Idaho state law and Senate Concurrent Resolution No. 112 are UNCONSTITUTIONAL and violate federal law.


Kim Paddock A.S.D., pro se
1008 E. Ball Ave.
Parma, ID 83660

CERTIFICATE OF SERVICE

I hereby certify that on July 27th , 2017, I filed the forgoing document with the United States District Court for the District of Idaho. I certify that the following parties will be served:

Governor L. "Butch" Otter

Dr. Robert Wescler, M.D.

Elisha Figueroa, Chief of the Office of Drug Policy

Kim Paddock

Pro-se Plaintiff